# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2021

Lyle W. Cayce
Clerk

No. 20-10782

Amos Lott Simms,

*Plaintiff—Appellant*,

*versus*

Preston E. Smith Medical Department; Mrs. NFN Runge, *Supervisor*; Ms. NFN Morales,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CV-100

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Amos Lott Simms, Texas prisoner # 2171652, moves for leave to appeal in forma pauperis (IFP) the dismissal of his 42 U.S.C. § 1983 complaint as moot and the denial of his Federal Rule of Civil Procedure 59(e) motion. By moving to proceed IFP in this court, Simms challenges the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

We review legal questions relating to mootness de novo. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 421 (5th Cir. 2013). Smith's complaint sought only injunctive relief in the form of medical attention against the Preston E. Smith Unit Medical Department and Ms. Campos and Mrs. Runge, employees at the Smith Unit. The transfer of Simms from the Smith Unit to the Nathaniel J. Neal Unit, when there is no expectation that he will be transferred back, rendered his claim for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). He does not deny that he has been transferred out of the Smith Unit with no expectation of returning or that he sought only injunctive relief. To the extent that Simms argues that the magistrate judge should have granted him leave to add "Texas Tech University Medical Branch" as a defendant through his Rule 59(e) motion, he fails to show an abuse of discretion. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). He has failed to identify any issue of arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, Simms's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. This dismissal counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Additionally, a dismissal by the district court in another case counts as a strike even though Simms's appeal from that dismissal is currently pending. *See Coleman*, 575 U.S. at 534, 537; *Simms v. Law Library Staff, Preston E. Smith Unit*, 5:19-CV-204 (N.D. Tex. June 12, 2020). Simms is WARNED that, if he accumulates a third

No. 20-10782

strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).